# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

DEVERICK SCOTT                                                                                      PLAINTIFF
ADC #131042

v.                                         4:25-cv-00843-BSM-JJV

CADIJAH JACKSON, Sergeant,
Notification Officer, Larry B. Norris Unit                                                     DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.   DISCUSSION**

Deverick Scott ("Plaintiff") is a prisoner in the Arkansas Division of Correction who has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. Since 2007, he has filed thirty-eight lawsuits with at least three being dismissed as strikes.[1] Thus, Plaintiff can proceed *in forma pauperis* only if he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Or he must pay the filing fee in full.

---

[1] *Scott v. Hobbs*, 2:12-cv-00245-SWW (E.D. Ark. Apr. 17, 2013); *Scott v. Gibson*, 5:18-cv-00150-JM (E.D. Ark. Sept. 25, 2018); *Scott v. Payne*, 4:20-cv-00315-SWW (E.D. Ark. May 14, 2020).

1

In the Complaint, Plaintiff says in March and April 2024, Defendant Jackson: (1) retaliated against him for filing a grievance against her by telling other inmates Plaintiff's wife was a snitch; and (2) gave him a false disciplinary charge. (Doc. 1.) But Plaintiff has not explained how those alleged events, which happened approximately <u>eighteen months</u> ago, are currently placing him in imminent danger of serious physical injury. *See Charron v. Allen*, 37 F.4th 483, 486 (8th Cir. 2022); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Accordingly, on September 4, 2024, I informed Plaintiff that he could not proceed *in forma pauperis,* gave him twenty-one days to pay the filing fee in full, and cautioned him I would recommend dismissal if he did not timely do so. (Doc. 2.)

Plaintiff has filed "Objections" to my Order that still fail to explain how he is currently in imminent danger. (Doc. 3.) And the time for him to pay the filing fee in full has passed. Therefore, I recommend the Complaint be dismissed without prejudice.

## II.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 1) be DISMISSED without prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 30th day of September 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE